# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

ALBERT FULTON JR. III,
    Plaintiff,

v.                                  CIVIL ACTION NO. 18-cv-40048-DHH

WORCESTER SUPERIOR COURT DEPT.,
WORCESTER COUNTY SHERIFF'S OFFICE,
JUSTICE JANET KENTON-WALKER,
ASSISTANT DISTRICT ATTORNEY
COURTNEY SANS, SHERIFF LEWIS
EVANGELIDIS, SUPERINTENDENT DAVID
TUTTLE, CLASSIFICATION COORDINATOR
PAUL THEISEN, DEPUTY SCOTT MCMILLEN, and
CORRECTIONAL OFFICER DEAN HATCH,
    Defendants.

## MEMORANDUM AND ORDER

### July 31, 2018

**HENNESSY, M.J.**

For the reasons stated below, the Court will allow the motion to proceed *in forma pauperis*, assess an initial filing fee, deny without prejudice the motion to serve by First Class Mail as moot, deny without prejudice the motion to appoint counsel, and order plaintiff to file an amended complaint.

## I. Background

On April 4, 2018, *pro se* pretrial detainee plaintiff, Albert Fulton Jr. III, filed a voluminous complaint against the Worcester County Superior Court Department ("Superior Court"), Worcester County Sheriff's Office ("WCSO"), Honorable Janet Kenton-Walker, Assistant District Attorney Courtney Sans, Worcester County Sheriff Lewis Evangelidis, Superintendent David Tuttle, Deputy Scott McMillen, Classification Coordinator Paul Theisen, and Corrections Officer Dean Hatch. Fulton alleges, among other things, that he was extorted and assaulted by inmates,

and that these assaults were preventable. He further alleges that he was retaliated-against, mistreated and harassed by defendant Dean Hatch, and that other defendants were aware of, and did nothing, to resolve Fulton's issues. Fulton claims some defendants are responsible because of their supervisory positions. Additionally, Fulton also claims that a state court judge improperly denied his motions for a jail transfer and that an Assistant District Attorney disclosed information to a state-court defendant that placed him in danger of physical harm. Fulton seeks damages and injunctive relief against the defendants.

On May 2, 2018, the Court denied plaintiff's motion to proceed *in forma pauperis* because it did not include a prison account statement as required pursuant to 28 U.S.C. §1915(a)(2).

On May 14, 2018 plaintiff filed a renewed motion to proceed *in forma pauperis*, but without a complete prison account statement. On May 18, 2018, the Court ordered plaintiff to file a complete prison account statement. On June 7, 2018 and June 28, 2018, the Court received a complete prisoner account statement. Also currently pending is a motion to permit service of the complaint by first class mail and motion for appointment of counsel.

**II. Discussion**

    **A.  Plaintiff's Renewed Motion for Leave to File In Forma Pauperis and Motion to Serve Complaint by First Class Mail.**

Plaintiff's renewed motion for leave to proceed *in forma pauperis* (ECF No. 8) is hereby ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $15.30. The remainder of the fee, $334.70, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Suffolk County House of Correction, along with the standard Notice to Prison form. As plaintiff is being permitted to proceed *in forma pauperis*, his motion to serve the complaint by first class mail (ECF

No. 3) is DENIED without prejudice as MOOT. Summonses, however, shall not issue until further order of the Court.

### B. Preliminary Screening of the Complaint

Because plaintiff is a prisoner and proceeding *in forma pauperis*, his complaint is subject to screening pursuant to 28 U.S.C. § 1915 and §1915A, and is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

#### 1. Claims Against Justice Janet Kenton-Walker Barred By Absolute Judicial Immunity

All claims against Judge Janet Kenton-Walker are barred by the doctrine of absolute judicial immunity. Becks v. Plymouth County Superior Court, 511 F.Supp.2d 203, 206 (D.Mass.2007) ("Absolute immunity from civil liability applies to any judicial officer for any normal and routine judicial act."). "Absolute immunity applies to 'judges performing judicial acts within their jurisdiction,' and the protection it affords applies even if the official 'acted maliciously and corruptly in exercising his judicial ... functions' or 'in the presence of grave procedural errors.'" Ives v. Agastoni, No. CV 15-30153-MAP, 2015 WL 9647559, at *3 (D. Mass. Dec. 14, 2015)(quoting Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir.2013)), report and recommendation adopted, No. 15-CV-30153-MAP, 2016 WL 79881 (D. Mass. Jan. 5, 2016). Plaintiff merely alleges that Judge Janet Kenton-Walker wrongfully denied a certain motion in a criminal action. Accordingly, all claims against defendant Judge Janet Kenton-Walker are subject to dismissal under the doctrine of judicial immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

#### 2. Claims Against Assistant District Attorney Courtney Sans Barred By Prosecutorial Immunity.

The doctrine of absolute prosecutorial immunity protects any prosecutorial "actions that are 'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "The protections of absolute immunity, moreover, extend to actions that occur prior to a formal court proceeding and outside of a courtroom." Miller v. City of Boston, 297 F. Supp. 2d 361, 370 (D. Mass. 2003). Fulton alleges nothing more than prosecutorial conduct relating to trial materials that were turned over to a defendant in a criminal case. Accordingly, as pleaded, claims against Assistant District Attorney Courtney Sans are subject to dismissal under the doctrine of judicial immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3. Eleventh Amendment Sovereign Immunity and 42 U.S.C. § 1983 Official Capacity Claims.

Plaintiff's claims for monetary damages against the Worcester Superior Court Department, WCSO, and the individual defendants in their official capacities, fail to state a claim upon which relief can be granted and are subject to dismissal.

"'[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment'" to the United States Constitution. Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014)(quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974). "This is true whether the named defendant is the state itself or… a state official in her official capacity." Id. The Superior Court is a state entity for purposes of Eleventh Amendment immunity. Whalen v. Massachusetts Trial Ct., 397 F.3d 19, 28-30 (1st Cir. 2005) (state trial court entitled to Eleventh Amendment immunity); Oliver v. Superior Court of Plymouth Cty., 799 F. Supp. 1273, 1273 (D. Mass. 1992). Furthermore, "[t]he courts that have addressed the issue in this jurisdiction have concluded that the Sheriff's Departments of abolished counties are

4

arms of the state entitled to sovereign immunity." Brown v. Massachusetts, No. CIV.A. 11-11019-JGD, 2012 WL 588800, at *4 (D. Mass. Feb. 21, 2012)(citations and quotations omitted). The Commonwealth has not consented to suit under 42 U.S.C. §1983 in its own or the federal courts, see Woodbridge v. Worcester State Hosp., 384 Mass. 38, 44–45 (1981), and Section 1983 does not abrogate a state's immunity from suit in federal court. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect...."). WCSO is an arm of the state and its employees are state employees. *See* M.G.L. ch 34B, § 1; Broner v. Flynn, 311 F. Supp. 2d 227, 233 (D. Mass. 2004)(Worcester County Sheriff entitled to Eleventh Amendment Immunity). Moreover, Worcester County Superior Court Department, WCSO and the individual defendants in their official capacities are not persons pursuant to 28 U.S.C. §1983. Thus, plaintiff's claims for monetary damages against the Worcester County Superior Court Department, Worcester County Sheriff's Office, and official capacity monetary damages claims against the individual defendants are barred. The Eleventh Amendment does not, however, bar actions for damages against state officials in their personal capacities.

### 4. **Plaintiff Shall File an Amended Complaint to Correct Deficiencies**

To the extent plaintiff wishes to proceed in this action, he shall file an amended complaint by September 14, 2018 that corrects the deficiencies noted above and complies with the basic pleading requirements of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and…a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). It must afford the defendants a "[']meaningful opportunity to mount a defense,' " Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). Similarly, Rule 10 requires that a plaintiff identify all of the defendants in the caption of the complaint, that he state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances", and that if "doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count…" Fed. R. Civ. P. 10(a) and (b).

Here, in addition to the legal impediments mentioned above, plaintiff's 41 page complaint is a confusing narrative of multiple, and apparently independent claims against several defendants, or groups of defendants. There are no counts, but rather broad claims for relief. This type of pleading does not provide the defendants with a meaningful opportunity to mount a defense and appropriately respond to the complaint.

Accordingly, plaintiff's amended complaint – a new stand-alone document – must set forth plausible claims upon which relief may be granted. In preparing the amended complaint, plaintiff should not set forth his claims in a narrative format. Rather, any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. In other words, plaintiff should set forth minimal facts as to who did what to whom, when, where, and why. He should not assert claims collectively against the defendants, but rather should separately parcel out the claims against each defendant, or if appropriate, groups of identified defendants. He also should not assert multiple causes of action against a defendant in one count; rather, he should identify separately each cause of action and the grounds therefore. If an amended complaint is filed, it will be further screened. With respect to exhibits, plaintiff is not

required to attach exhibits to his amended complaint, but may do so. He may refer to Exhibits attached to the original complaint. However, the plaintiff's factual allegations must stand on their own.

### C. Plaintiff's Motion For Appointment of Counsel.

"There is no constitutional right to counsel in civil cases." Hoag v. Hall, 128 F. Supp. 3d 412, 413 (D. Mass. 2015)(citing Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir.1986). The Court may request an attorney to represent plaintiff if it finds that: (1) plaintiff is indigent and (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991); 28 U.S.C. 1915(e)(1). Plaintiff has demonstrated indigency, but has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel. Rather, plaintiff only states that he is confined and unable to afford private counsel; considerations common to most pro se claims. Accordingly, plaintiff's motion to appoint pro bono counsel is hereby DENIED without prejudice.

## III. Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's renewed Motion for Leave to Proceed *in forma pauperis* (ECF No. 8) is ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $15.30. The remainder of the fee, $334.70, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Suffolk County House of Correction, along with the standard Notice to Prison form.

2. Plaintiff's Motion to Serve Complaint by First Class Mail (ECF No. 3) is hereby DENIED without prejudice as MOOT.

3. Plaintiff's Motion to Appoint Counsel (ECF No. 2) is hereby <u>DENIED</u> without prejudice.

4. Plaintiff shall either file an Amended Complaint to correct the deficiencies set forth in this Memorandum and Order by September 14, 2018. Summonses shall not issue until further order of the Court.

5. The Court notes that one of plaintiff's "remedies for relief" at the end of his complaint, refers to a "motion" for an "emergency" county jail transfer. He also apparently seeks to enjoin interaction with defendant Hatch. No motion for injunctive relief has been filed. At this point, the requests may be moot, inasmuch as plaintiff was apparently transferred from Worcester County Jail to the Suffolk County Jail at Nashua Street. Otherwise, to the extent that plaintiff seeks temporary or preliminary injunctive relief, he must file a properly supported motion, along with a memorandum of reasons why the relief should be granted, that complies with the Federal Rules of Civil Procedure and the Local Rules.

6. Failure to comply with this order may result in dismissal of this action by a United States District Judge.

<u>/S/ David H. Hennessy</u>
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE